Paramount Furniture Company
vs.
B. W. Grossman

No. 80128.

September 10, 1930.

CARPENTER, J. This is an action brought to recover for a shipment of furniture made by the plaintiff to the defendant. The jury returned a verdict for the plaintiff for the sum of $1765.69. In due time a motion for a new trial was filed, alleging the usual grounds, and the case is now before this Court on said motion.

It appeared from the evidence that a car load of furniture was shipped by

the Paramount Furniture Company of Warren, Pennsylvania, to the defendant at Providence, Rhode Island. Upon receipt of the car load of furniture, Mr. Grossman communicated with the Paramount Furniture Company, informing it that he had not ordered the furniture, and by letter dated May 1, 1928, marked "Defendant's Exhibit 1," the Paramount Furniture Company admitted that it had not received a written order for the furniture, but that it had shipped the order upon advice of one Mr. Millstein, who was salesman for the plaintiff company, and also in the same letter the plaintiff advised the defendant as follows:

"I have to ask of you as a personal favor that you take this car in when it arrives in order to save accumulation of any demurrage. I feel sure you will do this for me and advise me to that effect."

Thereupon, the defendant received the furniture and upon taking the furniture from the car it was ascertained that the furniture was damaged by water. The defendant advised the plaintiff of the condition of the furniture under date of June 27, 1928 (Defendant's Exhibit 2), and thereupon the plaintiff wrote a letter under date of June 30, 1928 (Defendant's Exhibit 3), wherein it acknowledged the letter of June 27 and asked for complete information as to the condition of the furniture so that a claim might be made to the railroad company for damages. Other correspondence was entered into, as appears by the exhibits in the case, as to the manner of disposal of the furniture.

It appeared further from the evidence that the plaintiff and defendant entered into an agreement, either by correspondence or otherwise, whereby the defendant was to unload the furniture, have it repaired, sell the same for the best prices that could be obtained, and remit to the plaintiff the amount that the furniture brought less the cost of repairs, storage, selling, and so forth.

The plaintiff testified the furniture was billed to the defendant at $1612.50, which also appears from the exhibits in the case. The defendant testified that after selling the same, paying for the cost of repairs, cartage, and so forth, there was a balance due to the plaintiff company of $793.05.

The jury disregarded the evidence, both documentary and otherwise, as to the transaction and brought in a verdict for the full amount of the plaintiff's claim, which was the amount at which the furniture was originally billed to the defendant, together with interest.

The Court does not feel that the verdict did justice between the parties, but feels that the verdict should have been for the amount of $793.05 together with interest from the date of the writ, April 13, 1929, to the date of the trial, which was concluded February 4, 1930, which said interest amounts to $37.50. Therefore, unless the plaintiff shall within ten days after the filing of this rescript file in the office of the Clerk of the Superior Court a remittitur remitting all of the said verdict over and above the sum of $830.55, the defendant's motion for a new trial is granted.

For plaintiff: E. C. Stiness.
For defendant: Frank H. Wildes.